UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

KIRBY MADISON

CIVIL ACTION NO: 6:18-CV-00175

VERSUS

JUDGE: UNASSIGNED DISTRICT JUDGE

CITY OF PATTERSON, LOUISIANA
D/B/A PATTERSON POLICE DEPARTMENT
AND RODNEY GROGAN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
MAYOR OF THE CITY OF PATTERSON,
LOUISIANA

MAGISTRATE JUDGE: CAROL B. WHITEHURST

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL, AMENDING, AND RESTATED COMPLAINT**

The Complaint of Kirby V. Madison, Sr., a resident of the lawful age of majority of St. Mary Parish, Louisiana, respectfully supplements, amends, and restates, in full, his original Petition/Complaint. Changes thereto are reflected in bold print:

1.

The defendants enumerated below are justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as to the individual defendant, attorney's fees as allowed by law, all costs of these proceedings, declaratory relief, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity:

1. City of Patterson, Louisiana, d/b/a Patterson Police Department (hereinafter "Patterson"), a municipal entity domiciled in St. Mary Parish, Louisiana;

2. Rodney Grogan, individually and in his official capacity as Mayor of Patterson, Louisiana, domiciled in St. Mary Parish, Louisiana.

**1a**.

**At all times pertinent hereto, defendant Grogan and other agents of defendant City were within the course and scope of their employment with defendant City.**

2.

On February 1, 1998, Petitioner, **an African American**, was hired as an Officer with the Patterson Police Department, a part of the City of Patterson, Louisiana. **At all times pertinent hereto, Petitioner was a "police employee" as defined by La. R.S. 40:1372(5) and protected by the Peace Officer Bill of Rights, pursuant to La. R.S. 40:2531** *et seq.*

3.

Throughout his employment, Petitioner enjoyed a spotless employment record, free from disciplinary actions, and served the public well as demonstrated in his record of service and his employment evaluations.

4.

On January 1, 2010, defendant Grogan was elected and became the Mayor of Patterson, Louisiana. Patterson, Louisiana, is a municipality governed in accordance with the Louisiana Constitution and laws.

5.

In April, 2014, Samantha Mincey, a cousin of defendant Grogan, was hired as a civilian employee of the Patterson Police Department and, thereafter, in 2015, became an officer until December, 2015, when she left employment and later returned in May, 2016, to work as an officer in dispatch.

**5a.**

**During Mr. Madison's employment as a Patterson Police Officer, he suffered continuous racial discrimination/harassment by defendant City.**

6.

On November 4, 2016, Mincey, who had completed her shift and was standing outside of the department readying herself to go home, saw Petitioner drive up. As Petitioner exited the bathroom, Mincey shouted out to Petitioner, in the presence of several witnesses, the derogatory statement "look at black mother f***er". This was not the first time Mincey had made derogatory racial remarks directed at Petitioner and Petitioner had been subjected to racial remarks on numerous prior occasions, including July 19, 2016, when then Patterson Police Chief LaSalle called Petitioner a "black mother f***er". In response, Petitioner grabbed the front of his pants in his crotch area and motioned toward Petitioner stating "suck this" and "if you can't say nothing nice, don't say nothing at all."

7.

Thereafter, Mincey filed a **written** complaint with defendant Patterson against Petitioner, **entitling Petitioner to all protections afforded by La. R.S. 40:2531,** *et seq.* As a result of Mincey's complaint, both Mincey and Petitioner were disciplined – she for one (1) day and Petitioner for three (3) days. Notably, the Human Resource Director for defendant Patterson is a first cousin of defendant Grogan.

8.

On March 1, 2016, Grogan began openly mocking and referred to Petitioner as a "black monkey". Unfortunately, this behavior was not in isolation in Petitioner's working environment. **However, Defendants conducted no "investigation" into the repeated**

**discrimination/harassment Petitioner suffered based on his race. While Petitioner repeatedly complained and/or opposed the unlawful race discrimination/harassment to Defendants, no action was taken.**

9.

On February 3, 2017, Mincey was terminated for poor performance, documented in a series of several write ups prior to her termination and for her continuing use of inappropriate language in the workplace. Following her termination, defendant Grogan again referred to Petitioner as a "black monkey." **Petitioner again complained and/or opposed defendant Grogan's comment to Defendants, yet, nothing was done.**

10.

Thereafter, Mincey filed a Charge of Discrimination with the EEOC on or about March 21, 2017. In her Charge, Mincey complained about the November 4, 2016, incident and about what she perceived to be retaliation by others leading up to her discharge.

11.

Upon information and belief and therefore Petitioner alleges, over the objection of then Assistant Patterson Police Chief Gary Stevenson and Petitioner, defendants agreed to pay Mincey and her attorney $85,000.00 – without Mincey ever having to file a lawsuit – in May, 2017.

12.

Thereafter, the dispute between defendant Grogan and then PPD Chief LaSalle regarding defendant Grogan's attempts to micro manage the police department in violation of State law. **Defendant Grogan began disciplining and/or terminating Patterson Police Department Officers without the authority of law.**

12a.

After Petitioner's complaints of Defendants' race discrimination/harassment, defendant Grogan reopened the "investigation" into the written complaint against Petitioner, which had already closed and for which he had already served his suspension. However, Petitioner was not informed of the nature of defendant Grogan's "investigation", and received no notice as to defendant Grogan's identity as the "investigator" and/or his authority to do so. At no time, was Petitioner afforded the right to counsel and/or another representative.

13.

No communication was made to Petitioner about the reopened "investigation" by defendant Grogan. As a result of Petitioner's complaints of race discrimination/harassment, and over sixty (60) days after defendant Grogan reopened the "investigation" into Petitioner, on November 4, 2017, defendant Grogan unilaterally terminated Petitioner's employment for "sexual harassment" – the same incident for which Petitioner had been suspended a year prior and without any adherence to, much less consideration of, the Peace Officer's Bill of Rights, La. R.S. 40:2531, *et seq.,* and the law. However, Petitioner did not engage in sexual harassment, assault, battery, or any other crimes.

13a.

Contrary to Louisiana law, then PPD Chief Lasalle did not recommend Petitioner to be terminated, nor was he even consulted. Rather, then PPD Chief Lasalle became aware defendant Grogan fired Petitioner on November 4, 2017. That same day, Petitioner was told he was terminated by defendant Grogan through a text message from then PPD Chief

**Lasalle, which was a screenshot of the termination letter. Petitioner's original termination date was November 4, 2017, a Saturday. However, it was subsequently changed by defendant Grogan to November 6, 2017, a Monday. Despite the falsity of the accusation, the reason for Petitioner's firing remained "sexual harassment".**

13b.

**As a result of the racial discrimination/harassment directed at Petitioner by defendant City, Petitioner filed an EEOC Charge on December 20, 2017.**

14.

Pursuant to La. R.S. 40:2531, any disciplinary action taken against an officer in violation of the Statute is null and void. Here, defendant Grogan unilaterally terminated Petitioner without advising him of his rights under the law, **the nature of any "investigation", identity and authority of person and/or entity conducting the "investigation"**, **and completing the "investigation"** greater than 60 days after the incident. Petitioner is entitled to and desires issuance of declaratory relief herein declaring, by Judgment, that his termination was and is an absolute nullity.

15.

Defendant Grogan does not possess the lawful authority to unilaterally terminate any police officer.

15a.

**As a result of defendant Grogan's unilateral termination of Petitioner due to the false allegations of sexual harassment, allegedly having committed the crimes of sexual assault and/or battery, Petitioner's reputation, honor, and integrity has been impuged within the police department and community at large.**

16.

**Defendants have denied Petitioner any and all opportunities to clear his name.** Following his unlawful termination on November 4, 2017, Petitioner immediately requested an appeal and review by defendant City's Board of Alderman as provided by law. **On November 13, 2017, Petitioner requested that Defendants give him an opportunity to rebut the false allegation/reason for his termination, specifically, that he committed sexual harassment. However, Defendants denied Petitioner's request.** Instead, **on November 22, 2017,** defendants ignored Petitioner's lawful request and defendant Grogan responded that he, alone, was making the decision to terminate, that his decision is final, and that Petitioner has no right to appeal or review – all in violation of clearly established law

16a.

**In spite of Petitioner's lawful entitlement to notice and opportunity to respond, including a hearing, regarding his termination by defendant Grogan, Petitioner has been denied any and all requests therefor.**

16b.

**Petitioner's termination and alleged sexual harassment has been made been public, and has been broadcast directly to the press and members of the media. On or around November 14, 2017, defendant Grogan participated in an interview on "Voice of the Coast" on "KWBJ", where he acknowledged Petitioner had been "fired" due to "sexual harassment" – crimes of sexual assault and/or battery. In addition, Petitioner's firing was made public in the "The Daily Review".**

17.

Petitioner, a municipal police officer employee of a municipality, was entitled to a hearing before the Board and, further, pursuant to La. R.S. 33:423.7, the Mayor is vested only with authority to recommend termination to the Board and he does not possess authority to unilaterally terminate.

**17a.**

**At all times pertinent hereto, Petitioner contends Defendants engaged in a policy, practice, and custom which violated Petitioner's clearly established rights under the United States Constitution and Louisiana Constitution.**

18.

Petitioner contends that defendants City and Grogan, at all times, were "persons acting under color of authority" within the meaning and intent of 42 U.S.C. §1983. **Petitioner shows at all times, he enjoyed the clearly established right to his liberty, good name, and reputation guaranteed pursuant to the 14th Amendment to the United States Constitution. In spite of Petitioner's specific request for a name clearing hearing in light of the stigmatizing charges made public by defendant Grogan, no such hearing was permitted by defendant Grogan and, as alleged herein, defendant Grogan made the decision that he, alone, made the decision to terminate Petitioner foreclosing any opportunity by him to clear his name. Petitioner also shows at all times, he enjoyed the clearly established right to be free from race discrimination guaranteed pursuant to the 14th Amendment to the United States Constitution. In spite of Petitioner's repeated complaints about racial discrimination/harassment in the workplace, defendants continued to discriminate against Plaintiff on the basis of his race, African American.** Petitioner contends that the defendants

violated his clearly established rights to **a property interest in his employment through state law, which specifically empowers Patterson Chief of Police the authority to terminate his employment,** a hearing prior to and in conjunction with his discharge as guaranteed pursuant to Louisiana law and, thus, his rights to due process guaranteed pursuant to the 14th Amendment to the United States Constitution. By unilaterally rejecting **an opportunity to clear his name**, his appeal and request for review, **and by subjecting him to racial discrimination,** defendants violated Petitioner's clearly established rights for which defendants are liable unto Petitioner pursuant to 42 U.S.C. §1983.

18a.

**At all times pertinent hereto, Petitioner enjoyed a clearly established right to report, protest, and oppose unlawful race discrimination pursuant to the 1st Amendment to the United States Constitution. Petitioner contends that defendants violated his clearly established rights by subjecting her to discrimination, re-opened "investigation", falsely accusing Petitioner of engaging in unlawful activities, and ultimately terminating him because he engaged in 1st Amendment protected speech.**

19.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, rights of reinstatement of employment, back pay and benefits, emotional distress, mental anguish, humiliation and embarrassment, loss of earning capacity, and all such other damages as will be more fully shown at trial and all for which Petitioner sues for herein.

20.

Petitioner shows that defendant Grogan, individually, engaged in wanton and reckless disregard for Petitioner's clearly established rights and is thus liable unto Petitioner for punitive damages pursuant to 42 U.S.C. §1983, for which Petitioner sues for herein.

21.

Petitioner is entitled to and desires an award of attorney's fees pursuant to 42 U.S.C. §1983.

22.

Petitioner is entitled to and desires an award of all such other relief to which he is afforded under law or in equity.

23.

Petitioner is entitled to and desires trial by jury of his claims for damages.

WHEREFORE Petitioner, Kirby V. Madison, Sr., prays for declaratory relief as requested herein and as allowed by law and trial by jury of his claims for damages and, after due proceedings are had, that there be Judgment herein in his favor and against defendants, City of Patterson, Louisiana, and Mayor Rodney Grogan, individually and in his official capacity, for all sums as are reasonable under the premises, punitive damages as to the individual defendant and as allowed by law, attorney's fees as allowed by law, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

RESPECTFULLY SUBMITTED:

By: ____/s Jill L. Craft_____
Jill L. Craft, T.A., #20922
W. Brett Conrad, Jr., #37639
509 Saint Louis Street
Baton Rouge, Louisiana  70802